UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61206-CIV-LENARD/TURNOFF

**STEPHEN M. GAFFIGAN**, an
individual, and TIFFANY (NJ), LLC, a
Delaware limited liability company,

        Plaintiffs,

vs.

**DOES 1-10 d/b/a
TIFJEWELRYSTORE.COM,
BLOGTOWINTIFFANY.COM,
SHOPTIFFANYNOW.COM,
SHOPTIFFANYTODAY.COM,
TIFFANYJEWELRIESHOP.COM,
TIFFANYJEWELRIESSHOP.COM,
TIFFANYJEWELRYSTORE.US,
TIFFANYJEWELRYTODAY.COM,
TIFFANY-SILVER.US,
TIFJEWELRY.US,
TIFFANY925SALE.COM,
TIFANY4SALENOW.COM**,

        Defendants.
_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION (D.E. 35) AND GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (D.E. 3)

**THIS CAUSE** is before the Court on the Report and Recommendation of U.S. Magistrate Judge William C. Turnoff ("Report," D.E. 35), issued on December 7, 2009, recommending that Plaintiffs' Motion for Preliminary Injunction (D.E. 3) be granted and that Plaintiffs be awarded attorney's fees and costs in connection with this matter up to and including the filing and service of the Report. To date, no objections to the Report

have been filed. Failure to timely file objections shall bar parties from attacking on appeal the factual findings contained in the report. *See Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Therefore, after an independent review of the Report and record, it is hereby

**ORDERED AND ADJUDGED** that:

1. The Report of the Magistrate Judge (D.E. 35), issued on December 7, 2009, is **ADOPTED**.

2. Plaintiffs' Motion for Preliminary Injunction is GRANTED as follows:

    A. Defendants, their respective officers, directors, employees, agents, subsidiaries, distributors and all persons in active concert or participation with Defendants having notice of the Order be (1) preliminarily enjoined from manufacturing, importing, advertising, promoting, offering to sell, selling, distributing or transferring any products bearing the Tiffany trademarks identified in the Complaint or any confusingly similar trademark, and from copying or reproducing any works protected by the Tiffany copyrights identified in the Complaint; from secreting, concealing, destroying, selling off, transferring or otherwise disposing of: (i) any products, not manufactured or distributed by Tiffany, bearing the Tiffany trademarks, or any confusingly similar trademarks, and from copying or reproducing any works protected by the Tiffany copyrights; or (ii)

    any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Tiffany trademarks or any confusingly similar trademarks, and any works protected by the Tiffany copyrights; (2) immediately discontinue the use of the Tiffany copyrights, on or in connection with the Internet web sites owned and operated or controlled by them, including the Internet web sites operating under the Subject Domain Names; and (3) immediately discontinue the use of the Tiffany trademarks or any confusingly similar trademarks, and any works protected by the Tiffany copyrights within domain names, domain name extensions, metatags or other markers within website source code, from use on any web page, any advertising links to other web sites, from search engines' databases or cache memory and any other form of use of such terms which is visible to a computer user or serves to direct computer searches on search engines to web sites registered by, owned or operated by Defendants, including the Internet web sites operating under the Subject Domain Names.

B.  The Registrars and Registries for the Subject Domain Names shall immediately disable the Subject Domain Names so as to render them inaccessible to on-line customer traffic; Defendants shall not transfer ownership of the Subject Domain Names during the pendency of this

      Action, or until further Order of the Court; the domain name Registrars for each of the Subject Domain Names shall transfer to Plaintiffs' counsel, for deposit with this Court, domain name certificates for each of the Subject Domain Names; the top level domain (TLD) Registries for the Subject Domain Names, within seven (7) days of receipt of this injunction, shall deposit control of the domain names in to the registry of the Court, if they have not already done so; while the domain names are in the registry of the Court, the TLD Registries will place them on "hold" status and remove the domains from the TLD zone files maintained by the Registries which link the domain names to the IP addresses where their sites are hosted; and Defendants shall preserve copies of all computer files relating to the use of any of the Subject Domain Names and take all steps to retrieve computer files relating to the use of any of the Subject Domain Names that may have been deleted before the entry of the Preliminary Injunction.

C.     The Preliminary Injunction shall remain in effect until the permanent injunction hearing or until such further dates as set by the Court or stipulated to by the parties and Plaintiffs' twenty-five thousand dollar bond remains in effect.

3. Plaintiffs shall be awarded their attorney's fees and costs in connection with this matter, up to and including Plaintiffs' filing of their Certificates of Service (D.E. 36-37) and Declaration of Non-Service (D.E. 38) of the Report and Recommendation and Order Extending Temporary Restraining Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of January, 2010.

                                             **JOAN A. LENARD**
                                             **UNITED STATES DISTRICT JUDGE**